**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **ALCLAIR WHITE,** | § | **CIVIL ACTION NO.: 4:19-cv-187** |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **CHEVRON PHILLIPS** | § | **JURY DEMAND** |
| **CHEMICAL COMPANY, LP** | § | |
| **Defendant.** | § | |
| | § | |
| | § | |

---

**PLAINTIFF'S ORIGINAL COMPLAINT**

---

**TO THE HONORABLE U.S. DISTRICT COURT JUDGE:**

NOW COMES Plaintiff Alclair White (hereinafter referred to as "Plaintiff") in the above-referenced matter, complaining of and about Defendant Chevron Phillips Chemical Company LP, (hereinafter referred to as "Chevron" or "Defendant"), and for cause of action files this Original Complaint, showing to the Court the following:

## I.      PARTIES

1.      Plaintiff Ms. Alclair White is an individual residing in Baytown, Harris County, Texas.  Plaintiff is a citizen of the United States and the State of Texas.

2.      Defendant Chevron, is a foreign for-profit corporation authorized to conduct business in the State of Texas.  Defendant may be served with process by serving its registered agent, CT Corporation System, 1999 Bryan St. Suite 900, Dallas, Texas, 75201-3136.

## II.        JURISDICTION

3.        This Court has jurisdiction pursuant to 28 U.S.C. § 1331, as Plaintiff's causes of action arise under federal statutes: Title VII of the Civil Rights Act of 1964 (as amended) (which is codified in 42 U.S.C. §§ 2000e-2(a) and 2000e-3(a)) (hereinafter referred to as "Title VII"); 42 U.S.C. § 1981 (hereinafter referred to as "§ 1981"); the Age Discrimination in Employment Act of 1967, 29 U.S.C § 621 et seq. (as amended by the Civil Rights Act of 1991) (which is codified in 29 U.S.C. § 621 et seq.) (hereinafter referred to as the "ADEA"); the Americans with Disabilities Act (as amended) (which is codified in 42 U.S.C. § 12101 et seq.) (hereinafter referred to as the "ADA"); and, 29 U.S.C. § 2601, et seq., the Family and Medical Leave Act ("FMLA").

4.        Additionally, this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's similar state claims that arise under the Texas Commission on Human Rights Act, which is codified in Chapter 21 of the Texas Labor Code, Texas Labor Code § 21.001 et seq. (hereinafter referred to as the "TCHRA"), because such claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article 3 of the United States Constitution.

5.        Venue is proper in the Southern District of Texas - Houston Division pursuant to 28 U.S.C. § 1391(a) because this is the judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

## III.        NATURE OF THE ACTION

6.        This is an action brought pursuant to Title VII and the TCHRA on the grounds that Plaintiff was discriminated and retaliated against because of Plaintiff's race (African American) and gender (female). The action is to correct and recover for Defendant's unlawful employment practices on the basis of Plaintiff's race and gender including the discrimination and retaliation

based on Plaintiff's protected activities involving her complaints of racial and gender discrimination and retaliation.

7.    Further, this is an action under the ADEA and the TCHRA to correct and recover for unlawful employment practices on the basis of Plaintiff's age, sixty (60) years old, which includes Plaintiff being discriminated and retaliated against because of her age. See 29 U.S.C § 621 et seq.; and Texas Labor Code § 21.001 et seq.

8.    This is also an action to correct and recover for Defendant's violations of the ADA and the TCHRA. Specifically, Plaintiff complains that Defendant discriminated and retaliated against her on the basis of her disability or the perception of a disability, failed to accommodate her disability, and subsequently retaliated against Plaintiff after engaging in protected activities. See 42 U.S.C. § 12101 et seq. and Texas Labor Code § 21.001 et seq.

9.    Additionally, Plaintiff files this action pursuant to 42 U.S.C. § 1981 to correct and recover the Defendant's unlawful employment practices on the basis of Plaintiff's race.

10.    Lastly, this is an action against Defendant for violation of the FMLA, 29 U.S.C. § 2601, et seq., when Defendant terminated Plaintiff's employment in retaliation for availing herself to protected leave pursuant to the FMLA.

## IV.    EXHAUSTION OF ADMINISTRATIVE REMEDIES

11.    On February 1, 2017, Plaintiff filed a charge with the U.S. Equal Employment Opportunity Commission (hereinafter referred to as the "EEOC") against Defendant for discrimination based on race, gender, age, disability, retaliation and hostile work environment (Charge No. 460-2017-01522).  This charge was filed for discrimination and retaliation.  (See Exhibit 1, which is attached hereto and incorporated by reference).

12.    Subsequently, the EEOC issued Plaintiff a Notice of Right Sue, dated November 19,

2018. (See Exhibit 2, which is attached hereto and incorporated by reference).  Plaintiff files this lawsuit within ninety (90) days of receiving the Right to Sue notice.  Therefore, this lawsuit is timely filed.

## V.     FACTS

13.     Plaintiff (60 years old) and began working for Defendant on January 8, 1980, as an hourly Mail and Stockroom Clerk.

14.     Plaintiff was finally promoted to a salaried-exempt position, Materials Coordinator on November 16, 2011, after upgrading to several company positions at Chevron/Phillips for 21 years.

15.     As Materials Coordinator, Plaintiff was required to assist in managing the movement and sale of surplus materials, track and control rental costs, and track materials during outages. Plaintiff also facilitated the work of several contract employees and had extensive interaction with them. This is a male-dominated position and industry. In fact, Plaintiff was the only woman and only African American in her position during the entire time that she worked as Material Coordinator.

16.     After dedicating 36 years of her life to Chevron as an exemplary employee, Plaintiff was terminated because of her age, gender race and disability and in retaliation for requesting FMLA leave and for her numerous complaints of discrimination made to management and to Human Resources—the last of which occurred shortly before her termination on May 6, 2016.

17.     Plaintiff was forced to previously file a Charge of Discrimination before the EEOC on March 13, 2015, after the discrimination and retaliation she faced for her numerous complaints of discrimination and unfair treatment during an investigation of an alleged harassment complaint against her by a subordinate.

18.     After filing the previous EEOC Charge Defendant continued its discriminatory and retaliatory treatment against Plaintiff. As evidence, Chevron removed Plaintiff from the VPP Core Team. The VPP Core Team is a highly respected team that creates safety measures and training for the facility to pass OSHA's yearly safety standards. Plaintiff had voluntarily served on this team for 10 years in which she would receive gifts and bonuses for participation. Plaintiff was now being removed after 10 years of service and participation. It should be noted that Plaintiff was the only African American on the team each year.

19.     Plaintiff previously managed three (3) warehouses without the help, support, or input of her superiors. However, little by little, management stripped responsibilities from her to the point that she  was required to get "management approval" before completing any task.  No other planner in the organization that she worked with had to do any special reporting. Around this same time, Plaintiff began to hear rumors that Chevron was going to get rid of her after the scheduled April outage. Ironically, Mr. Cline (Plaintiff's mentor at the time) acknowledged that she was not being treated fairly.

20.     Plaintiff made complaints of discrimination to management again in September 2015. Notably, Mr. Eugene Velasquez, became Plaintiff's supervisor in August and after only three (3) days of employment. Along with Jay Nesbit, Maintenance Manager, Mr. Velasquez  and Adam Santios, Human Resources Represnetatve commented on Plaintiff's performance review that it was his perception that she was not doing her job.

21.     Also, in a meeting Mr. Velasquez showed an e-mail to all the planners of his group that was sent to all the managers from Jay Nesbit, stating "Ms. White is not doing her job"—this was notably an ethics issue that Plaintiff later reported to Human Resources. Plaintiff asked for a copy of this letter and was never provided one.

22.     Within months, Plaintiff had little managerial authority and was denied to take vacation, because they granted it to another employee instead. Plaintiff could not take her scheduled vacation.

23.     From 2015 on, all of Plaintiff's responsibilities were ripped away from her. For example, while Plaintiff was still in her position, a Hispanic employee began to try to take over her job duties and later posted on her Facebook page that she was the Materials Coordinator although that was still Plaintiff's title. She worked for Zachry, a contractor, as Materials Coordinator not for Chevron.

24.     During Plaintiff's employment as Materials Coordinator, she managed (3) three warehouses and was the go-to person for everything regarding materials. Now, she was completely left out of day-to- day decisions that were usually within her scope of responsibilities.

25.     Plaintiff made Human Resources aware that she believed she was being pushed out of her position for the contractor to take over.

26.     In September 2015, the Union filed a grievance against Plaintiff for going in the warehouse to pick up parts. In the past, this had never been an issue. It was actually a part of Plaintiff's job as Materials Coordinator, to make sure each warehouse had the materials they needed to do their job. Plaintiff complained to Mr. Velasquez and Adams Sanitos, HR Business Partner, as other white males continued to go to the warehouse and were not given the same grievance. They told Plaintiff that she was not to go there. This again made it very difficult for Plaintiff to do her job.

27.     Plaintiff voiced her concerns to Human Resources, that there was a communication barrier in getting her job done. Plaintiff did not get the support or back up from management in facilitating assignments to contractors. Instead, Plaintiff was labeled as an "angry black woman"

when it came to her interaction with contract employees. Plaintiff believes there was an issue with the contractors receiving direction and commands from a black female employee.

28.     In October 2015, Plaintiff made multiple complaints of discrimination to management and to Human Resources. Specifically, Plaintiff made complaints on October 1, 2015, October 10, 2015, October 13, 2015, October 18, 2015, October 22, 2015 and October 27, 2015.

29.     On or around October 14, 2015, Plaintiff sent an email to Adam Sanitos and Lisa Laurin regarding her 35-year service award. Plaintiff was denied this award because they said it was blocked. Plaintiff was not given any other explanation and she never received her reward. Plaintiff was only told she waited too late and that is why her service award was blocked.

30.     On November 4, 2015, Plaintiff was stripped of her responsibilities on the rental project. The following day, Plaintiff again went to Ms. Laurin in HR to complain of the discriminatory and retaliatory treatment, and again nothing was done.

31.     None of Plaintiff's issues were ever addressed. In total, from April 2015 to January 2016, Plaintiff made over eight (8) separate complaints of discrimination. Chevron did not address any of them.

32.     In retaliation for multiple complaints of harassment, Plaintiff was not given any help on various projects and was told she was not doing her job. Prior to Mr. Velasquez becoming Plaintiff's supervisor, she never had a bad review or had any trouble doing her job.

33.     On November 4, 2015, Plaintiff met with P.E. Superintendent, Eugene Velasquez. After the meeting he took Plaintiff to the Safety/Medical office and he questioned Hugo Santos about her ability to work. Mr. Santos stated that Chevron was aware of Plaintiff's medical history.

34.     On January 4, 2016, Mr. Velasquez hired a younger male employee with no experience. The younger male employee made several safety errors that put Plaintiff and the

department at risk. Plaintiff addressed her concerns to Mr. Velasquez and he stated that he would see how it goes. The P.E. Maintenance Department asked Plaintiff to email Mr. Velasquez regarding materials and the younger male employee. Human Resource personnel, Lisa Laurin and Adam Sanito were aware of the issues Plaintiff was having with this employee.

35.     Chevron knew Plaintiff needed help within the department for the upcoming outage; however, the budget limited the number of contractors. On April 12, 2016, Mr. Velasquez sent Plaintiff an email asking her which contractor she wanted to work with between Magali Villapando and Illy (Spanky) Allen. The email also stated that they should keep this information between themselves. Plaintiff's reply was, "That is your decision, I don't want to know." Plaintiff never discussed the email with anyone, and there were other individuals that were privy to that information. However, Plaintiff was the one accused of leaking the information. At the same time, there was a rumor circulating about getting rid of Plaintiff after the April outage. Upon a bogus investigation, Plaintiff was suspended on April 21, 2016. Mr. Velasquez took Plaintiff to get her purse, took the truck keys, and she was escorted out of the gate.

36.     On May 6, 2016, Plaintiff was terminated from her position. The termination letter did not list a cause other than they claimed they could not get in touch with her. However, Mr. Velasquez called Plaintiff on May 4, 2016. And she returned his call the same day. No further efforts were made by Chevron to reach out to Plaintiff even though Chevron claims they sent a letter to Plaintiff's house via Fed Ex that was denied.

37.     After being placed on suspension, Chevron was notified to contact Plaintiff's attorney as she was under doctor's care, but they never did.

38.      Also, Plaintiff had filed for FMLA leave in which Chevron was aware due to their return correspondence. Instead of granting Plaintiff's FMLA leave, Chevron found a bogus excuse

to terminate her employment.

39.     The discrimination and harassment Plaintiff endured eventually took a severe toll on her health. In light of her previous battle with liver disease stage 3 Plaintiff's doctor informed her that any ongoing stress from work would have a negative impact on her health both mentally and physically.

40.     On November 11, 2015, Plaintiff requested a leave of absence for her own health condition. The leave request was initially denied by Stephanie Shuey, from Chevron's Leave Administration Unit, allegedly because Plaintiff's doctor did not timely submit the necessary documentation.

41.     On April 25, 2016, Plaintiff resubmitted her FMLA paperwork. Subsequently, her doctors submitted the proper paperwork in order for Plaintiff to take leave, but Chevron terminated her employment on May 6, 2016, before she could begin her leave.

42.     Plaintiff believes believe Chevron discriminated against her because of her race, gender and in retaliation for my complaints of discrimination in violation of Title VII and section 1981.

43.     Plaintiff also believes believe Chevron discriminated against her because of her age and disability in violation of the Age Discrimination in Employment Act and American with Disabilities Act.

44.     Lastly, Chevron also interfered with Plaintiff's ability to take FMLA and retaliated against her for seeking to take her FMLA protected leave in violation of the Family Medical Leave Act.

## VI.     COUNT 1 - TITLE VII RACE DISCRIMINATION

45.     Plaintiff incorporates by reference all of the foregoing allegations in each of the

paragraphs above as if fully set forth herein.

46.    Defendant intentionally engaged in unlawful employment practices involving Plaintiff because of her race (i.e., African American), including discrimination and retaliation.

47.    Defendant discriminated against Plaintiff in connection with the compensation, terms, conditions, and privileges of employment; or limited, segregated, or classified Plaintiff in a manner that would deprive or tend to deprive Plaintiff of any employment opportunity or adversely affect her status because of Plaintiff's race (African American), in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a).

## VII.      COUNT 2 - TCHRA RACE DISCRIMINATION

48.    Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

49.    Defendant intentionally engaged in unlawful employment practices involving Plaintiff because of her race (African American).

50.    Defendant discriminated against Plaintiff in connection with the compensation, terms, conditions, and privileges of employment; or limited, segregated, or classified Plaintiff in a manner that would deprive or tend to deprive Plaintiff of any employment opportunity or adversely affect Plaintiff's status because of Plaintiff's race (African American), in violation of Texas Labor Code § 21.051 et seq.

## VIII.   COUNT 3 - TITLE VII GENDER DISCRIMINATION

51.    Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

52.    Defendant intentionally engaged in unlawful employment practices involving Plaintiff because of her gender (female) including discrimination and retaliation.

53.     Defendant discriminated against Plaintiff in connection with the compensation, terms, conditions, and privileges of employment; or limited, segregated, or classified Plaintiff in a manner that would deprive or tend to deprive Plaintiff of any employment opportunity or adversely affect her status because of Plaintiff's gender (female), in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a).

## IX.     COUNT 4 - TCHRA GENDER DISCRIMINATION

54.     Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

55.     Defendant intentionally engaged in unlawful employment practices involving Plaintiff because of her gender (female).

56.     Defendant discriminated against Plaintiff in connection with the compensation, terms, conditions, and privileges of employment; or limited, segregated, or classified Plaintiff in a manner that would deprive or tend to deprive Plaintiff of any employment opportunity or adversely affect Plaintiff's status because of Plaintiff's gender (female), in violation of Texas Labor Code § 21.051 et seq.

## X.     COUNT 5 - ADEA AGE DISCRIMINATION

57.     Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

58.     Defendant intentionally engaged in unlawful employment practices involving Plaintiff because of her age, sixty (60) years old.

59.     Defendant discriminated against Plaintiff in connection with the compensation, terms, conditions, and privileges of employment; or limited, segregated or classified Plaintiff in a manner that would deprive or tend to deprive her of any employment opportunity or adversely

affect her status because of Plaintiff's age, sixty (60) years old, in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq.

## XI.      COUNT 6 - TCHRA AGE DISCRIMINATION

60.    Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

61.    Defendant intentionally engaged in unlawful employment practices involving Plaintiff because of her age, sixty (60) years old.

62.    Defendant discriminated against Plaintiff in connection with the compensation, terms, conditions, and privileges of employment; or limited, segregated, or classified Plaintiff in a manner that would deprive or tend to deprive Plaintiff of any employment opportunity or adversely affect Plaintiff's status because of Plaintiff's age, sixty (60) years old, in violation of the Texas Labor Code § 21.051 et seq.

## XII.      COUNT 7- ADA DISABILITY DISCRIMINATION

63.    Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

64.    Plaintiff is disabled as defined by the ADA. See 42 U.S.C. §§ 12102 and 12111(8).

65.    Plaintiff is an employee within the meaning of the ADA. See 42 U.S.C. § 12111(4).

66.    Defendant violated the ADA by intentionally discriminating against Plaintiff on the basis of her disability, including treating her less favorably than non-disabled employees. See 42 U.S.C. § 12112.

67.    Defendant discriminated against Plaintiff in connection with the compensation, terms, conditions, and privileges of employment; or limited, segregated, or classified Plaintiff in a manner that would deprive or tend to deprive Plaintiff of any employment opportunity or adversely

affect Plaintiff's status because of Plaintiff's disability (i.e. liver disease), in violation of the ADA.

### XIII. COUNT 8 - TCHRA DISABILITY DISCRIMINATION

68.    Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

69.    Defendant intentionally engaged in unlawful employment practices involving Plaintiff because of her disability (i.e. liver disease).

70.    Defendant discriminated against Plaintiff in connection with the compensation, terms, conditions, and privileges of employment; or limited, segregated, or classified Plaintiff in a manner that would deprive or tend to deprive Plaintiff of any employment opportunity or adversely affect Plaintiff's status because of Plaintiff's disability (i.e. liver disease), in violation of the Texas Labor Code § 21.051 et seq.

### XIV. COUNT 9 - TITLE VII RETALIATION

71.    Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

72.    Defendant intentionally retaliated against Plaintiff because of the complaints of race and gender discrimination made to Defendant prior to Plaintiff's unwarranted termination.

### XV. COUNT 10 - TCHRA RETALIATION

73.    Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

74.    Defendant intentionally retaliated against Plaintiff because of the complaints of discrimination made to Defendant in violation of the Texas Labor Code § 21.055.

### XVI. COUNT 11 - ADEA RETALIATION

75.    Plaintiff incorporates by reference all of the foregoing allegations in each of the

paragraphs above as if fully set forth herein.

76.    Defendant intentionally retaliated against Plaintiff because of the complaints made to Defendant of age discrimination in violation of the ADEA.

## XVII.    COUNT 12 - ADA RETALIATION

77.    Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

78.    Defendant intentionally retaliated against Plaintiff because of the complaints made to Defendant of disability discrimination in violation of the ADA.

## XVIII.    COUNT 13-SECTION 1981 RACIAL DISCRIMINATION

79.    Plaintiff hereby incorporates by reference all of the allegations contained in the above-identified paragraphs as though fully set forth herein.

80.    Pursuant to 42 U.S.C. § 1981, Plaintiff pleads a cause of action against Defendant for racial discrimination.

81.    Plaintiff was treated differently than other non-African-American employees in terms conditions of her employment. As a result of Defendant's discrimination, Plaintiff suffered damages (in an amount that is within the jurisdictional limits of this Court).

## XIX.    COUNT 14- RETALIATION PURSUANT TO THE FAMILY AND MEDICAL LEAVE ACT, 29 U.S.C. § 2615(a)

82.    Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

83.    Plaintiff was entitled to take medical leave for her documented serious health condition (liver disease) and was entitled to return to the same position or equivalent position with equivalent pay, benefits, and working conditions at the conclusion of the leave.

84.     Defendant interfered with and denied Plaintiff's exercise of her FMLA rights and retaliated against her for exercising her rights when Plaintiff was terminated from her in violation of 29 U.S.C. § 2615(a). 27.

85.      Plaintiff has suffered irreparable injury and monetary damage as the result of Defendant's acts for which Plaintiff now seeks redress

## XX.  <u>JURY DEMAND</u>

86.     Plaintiff demands a jury on all issues to be tried in this matter. Plaintiff submits the jury demand and herein submits the jury fee.

## XXI.  <u>PRAYER</u>

87.     WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, and that on final trial, Plaintiff have judgment against Defendant for:

a.     All damages to which Plaintiff may be entitled pursuant to this Original Complaint, or any amendments thereto, including but not limited to back pay, future wages, reinstatement, upgrading, and compensation for benefits not received;

b.     Compensatory damages, including, but not limited to, emotional distress;

c.     Past, present, and future physical pain and mental suffering;

d.     Punitive damages;

e.     Liquidated damages;

f.     Reasonable attorneys' fees, as allowed by law (with conditional awards in the event of appeal);

g.     Pre-judgment interest at the highest rate permitted by law;

      h.      Post-judgment interest from the judgment until paid at the highest rate permitted by law;

      i.      Costs of Court; and

      j.      Such other and further relief, at law or in equity, to which Plaintiff may be entitled, whether by this Original Complaint or by any proper amendments thereto.

Respectfully submitted,



_____

Alfonso Kennard, Jr.
Texas Bar No: 24036888
Southern District Bar No: 713316
2603 Augusta Drive, 14th Floor
Houston Texas 77057
Main: 713.742.0900
Fax: 713.742.0951
alfonso.kennard@kennardlaw.com

**OF COUNSEL FOR PLAINTIFF:**



Yanice Colon-Pol
Texas Bar No. 24104276
Southern District Bar No: 3136493
2603 Augusta Drive, Suite 1450
Houston, Texas 77057
Telephone No.: (713) 742-0900
Facsimile No.: (713) 742-0951
Yanice.Colon@kennardlaw.com