IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **ALCLAIR WHITE,** § | CIVIL ACTION NO.: 4:19-cv-187 |
|         **Plaintiff,** § | |
| § | |
| **v.** § | |
| § | |
| **CHEVRON PHILLIPS** § | JURY DEMAND |
| **CHEMICAL COMPANY, LP** § | |
|         **Defendant.** § | |
| § | |
| § | |

**PLAINTIFF'S AMENDED
MOTION FOR SANCTIONS**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Plaintiff Alclair White files this, her Motion for Sanctions. In support of her Motion for Sanctions, Plaintiff respectfully show the Court as follows:

### I.   INTRODUCTION

This is Plaintiff's first request to "sanction" Defendant and/or its attorney for abuses. Defendant's attorney, Dennis Duffy (hereinafter "Mr. Duffy"), has embarked on a campaign of abusive and intolerable conduct that began with profanity-laced conversation, which escalated to discriminatory slurs, and culminated into an explicit rhetoric against Plaintiff's attorney, specifically, Attorney Alfonso Kennard, Jr. Therefore, Plaintiff seeks an *ex parte* order: (1) disqualifying Mr. Duffy as Plaintiffs' counsel, (2) restraining Mr. Duffy from communicating with or approaching Plaintiff or its attorneys, and (3) awarding sanctions to Plaintiff.

### II.   MR. DUFFY'S ABUSIVE CONDUCT

This case involves a simple employment dispute over Plaintiffs' employment with Defendant. Nevertheless, on August 21, 2019, during the course of mediation, with Mr. A. Martin Wickliff, Mr. Duffy

- 1 -

began to make abusive and threatening comments to Plaintiff's counsel. Mr. Duffy made remarks and gestures during mediation that were unprofessional and disrespectful to Plaintiff's counsel. Abusive language and gestures, including, but not limited to:

- Mr. Duffy shaking his behind in front of Plaintiff's counsel.
- Mr. Duffy asking Plaintiff's counsel "do you want to fuck me."
- Mr. Duffy making inappropriate remarks regarding Plaintiff counsel's hairstyle. Mr. Duffy stated, "Do you want to fuck me? You have a ponytail haircut, I figured you wanted to fuck me…"

None of Mr. Duffy's conduct was triggered by anything that Plaintiff's counsel did or said. All of Plaintiff counsel's communications with Mr. Duffy were polite and professional. As a result of Mr. Duffy's abusive language, Plaintiff's counsel questions his professionalism and does not want any more instances in the future. Plaintiff's counsel is not convinced that Mr. Duffy can restrain himself in future communications based on his vulgar language. Mr. Duffy's actions go beyond the pale of anything that should be tolerated anywhere – let alone in a legal proceeding. Depositions are being scheduled for the week of March 2, 2020 and Mr. Duffy cannot be permitted to be in physical proximity with Plaintiff's witnesses or counsel. Therefore, Plaintiff has no choice but to seek ex parte relief. The worst thing about this whole unfortunate series of abusive statements to the Plaintiff's attorneys and this Court, is not just the thousands of dollars in attorney time and deposition costs that Mr. Duffy has cost the Plaintiff, it is that Mr. Duffy has proven that he is part of the "minority" of lawyers that the Texas Supreme Court is referring to when it states that it is "committed to eliminating a practice by a minority of lawyers of **abusive tactics** which have surfaced in many parts of our country." We believe such tactics are a disservice to our citizens, harmful to clients, and demeaning to our profession.

### III.    ARGUMENT

Federal courts have inherent powers to manage their own proceedings and to control the conduct of those who appear before them. *Chambers v. Nasco, Inc.*, 501 U.S. 32, 43 (1991). By invoking the inherent power to punish bad faith conduct which abuses the judicial process, a court must exercise discretion in fashioning an appropriate sanction. District judges have an arsenal of sanctions they can impose for unethical behavior. These sanctions include monetary sanctions, contempt, and the disqualification of counsel. In *Gas-A-Tron of Ariz. v. Union Oil Co.*, 534 F.2d 1322 (9th Cir.), this court recognized that a district court has the primary responsibility for controlling the conduct of the attorneys who practice before it. 534 F.2d at 1325. The court stated:

> "Whenever an allegation is made that an attorney has violated his moral and ethical responsibility, an important question of professional ethics is raised. HN9 It is the duty of the district court to examine the charge, since it is that court which is authorized to supervise the conduct of the members of its bar. The courts, as well as the bar, have a responsibility to maintain public confidence in the legal profession. This means that a court may disqualify an attorney for not only acting improperly but also for failing to avoid the appearance of impropriety." *Id.* At 1324-25.

In the case at bar, Plaintiff's attorney has raised a claim of unethical conduct. The district court abdicated its duty to examine the charge of unethical behavior and impose the necessary sanctions. Mr. Duffy's conduct has gone well beyond the "unethical" and "improper" standard. It is shocking, blatantly discriminatory, and disrespectful. He cannot continue to be an attorney in this case and the Court should disqualify him. Because of the repeated and egregious nature of Mr. Duffy's actions we request this Court to exercise its inherent authority to impose monetary sanctions and/or disqualification of counsel. Plaintiff has incurred no less than $7,000 in attorneys' fees in bringing this motion and trying to coordinate a deposition in this case. Therefore, Plaintiff requests that the Court order Mr. Duffy to pay this amount to Plaintiff in sanctions.

## IV.    CONCLUSION

Litigation is tough enough when the attorneys are working together. It is tougher when the attorneys are not working together. Litigation becomes almost impossible when one of the attorneys decides to make disrespectful and abusive comments towards the other attorney. For years, Federal and State Courts have recognized the need to "encourage" attorneys to work together. The Texas Supreme Court went so far that almost twenty years ago it promulgated the Texas Lawyer's Creed. However, even the Lawyer's Creed recognizes that it is up to the Court to punish attorneys that violate the rules in order to "encourage them to work together, be ethical and professional." The conduct by Mr. Duffy is a direct abuse of the judicial process because it undermines attorney's ability to work together. This court should not allow Mr. Duffy's conduct to go unpunished because his conduct goes well beyond the "unethical" and "improper" standard required by the courts. Mr. Duffy cannot continue to be an attorney in this case. The Court should disqualify Mr. Duffy and at the very least Mr. Duffy should be ordered to pay the reasonable and necessary cost in dealing with the unethical conduct by Mr. Duffy.

WHEREFORE PREMISES CONSIDERED, Plaintiff respectfully request that the Court grant this Motion in its entirety.

Respectfully Submitted,



Alfonso Kennard, Jr.
Texas Bar No. 24036888
Southern District Bar No. 713316
2603 Augusta Drive, Suite 1450

_____
Houston Texas 77057
Main: 713.742.0900
Fax: 713.742.0951

alfonso.kennard@kennardlaw.com

Eddie R. Hodges, Jr.
Texas Bar No. 24116523
Southern District Bar No. 3479748

2603 Augusta Drive, Suite 1450
Houston, Texas 77057
Main: 713.742.0900
Fax: 713.742.0951
eddie.hodges@kennardlaw.com
**ATTORNEYS IN CHARGE FOR PLAINTIFF**

## CERTIFICATE OF CONFERENCE

I certify that my office communicated with Opposing Counsel, Mr. Dennis Duffy and Mr. Joseph R. Buller III, by email on September 29, 2019. Messrs. Duffy and Buller are in opposition to this Motion for Sanctions.

                                                 */s/ Alfonso Kennard, Jr.*
                                                 Alfonso Kennard, Jr.

## CERTIFICATE OF SERVICE

I hereby certify that on **February 13, 2020**, a true and correct copy of Plaintiff's Amended Motion for Sanctions was served on Counsel of Record for Defendants via Court's CM/ECF.

**Counsel for Defendant:**

Dennis P. Duffy
Texas Bar No. 06168900
Federal ID No. 1502

Joseph R. Buller III
Texas Bar No. 24110784
Fed. ID No. 3355457

811 Main Street, Suite 1100
Houston, Texas 77002
Phone: (713) 646-1364
Fax: (713) 751-1717
dpduffy@bakerlaw.com
jbuller@bakerlaw.com

                                                 Alfonso Kennard, Jr.