IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALCLAIR WHITE, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | C.A. NO. 4:19-cv-00187 |
| CHEVRON PHILLIPS CHEMICAL | § | |
| COMPANY, LP, | § | |
| | § | |
| *Defendant*. | § | |

## DEFENDANT'S RESPONSE TO PLAINTIFF'S AMENDED MOTION FOR SANCTIONS

Defendant Chevron Phillips Chemical Company LP ("CPChem") files its Response to Plaintiff Alclair White's Amended Motion for Sanctions (Doc. 28). The Motion should be denied.

## INTRODUCTION

CPChem deeply regrets and apologizes that the encounter which is the basis of Plaintiff's Motion now burdens the Court. CPChem intends that its counsel represent it zealously and professionally.[1] CPChem recently retained new counsel to represent it in this case. *See* Exhibit A, Motion to Withdraw and Substitute Counsel. CPChem's new counsel is prepared to depose Plaintiff on March 2, 2020, as previously noticed. Substitution of counsel will not delay the proceedings, and CPChem requests that the Court **deny** any request to extend discovery or re-schedule Plaintiff's deposition, as this case has been pending since January 2019.

Although styled a motion for sanctions, Plaintiff's motion seeks three separate remedies: (1) an order disqualifying CPChem's counsel Dennis Duffy, (2) an order restraining Mr. Duffy from communicating with Plaintiff's counsel, and (3) an award of sanctions against Mr. Duffy in

---

[1] The allegations in Plaintiff's Motion are not substantiated. CPChem understands that Plaintiff mischaracterizes the encounter, but whether the allegations are mischaracterized is irrelevant and should not be adjudicated for the reasons set forth herein.

the amount of $7,000.  Because Mr. Duffy is no longer representing CPChem in this matter, the relief sought by Plaintiff is largely moot.  However, even if not moot, Plaintiff has overreached.  Given that Plaintiff waited months to make these allegations publicly and did so on the heels of her deposition being scheduled, it appears she may have done so for the purpose of seeking leverage in this case through press attention unrelated to its merits.  Also, the Motion itself is improper because it violates rules of confidentiality.  Two wrongs do not make a right.  Plaintiff's Motion should be denied.

## ARGUMENT

### A. Plaintiff's Motion Should Be Denied Because It Is Moot

Because Mr. Duffy is no longer representing CPChem in this matter, the relief requested by Plaintiff, disqualification and a restraining order, are moot.

### B. Plaintiff's Motion Should Be Denied Because It Is Predicated on Inadmissible Statements

The exchange that is the subject of Plaintiff's motion occurred during an unsuccessful mediation.  Under Chapter 154 of the Texas Civil Practice and Remedies Code (the "Texas ADR Act"), all communications made in connection with an alternative dispute resolution procedure are "confidential, not subject to disclosure, and may not be used as evidence against the participant in any judicial or administrative proceeding."  *See* Tex. Civ. Prac. & Rem. Code § 154.073(a); Local Rule 16.4.I.  Cases uniformly recognize that communications in connection with alternative dispute resolution procedures are inadmissible.  *E.g.*, *Areizaga v. ADW Corp.*, No. 18-10304, 2020 WL 53828, *2 (5th Cir. Jan. 3, 2020) (per curiam) (finding there was no admissible evidence that plaintiff was threatened because the alleged threats were protected as confidential mediation communications) (citing *Rabe v. Dillard's, Inc*., 214 S.W.3d 767, 769 (Tex. App.—Dallas 2007, no pet.) (holding that evidence of alleged threats to coerce plaintiff into settling were inadmissible under the Texas ADR Act because they were made during mediation and thus were not

2

"competent" evidence)). Further, courts consistently bar introduction of communications made during mediation proceedings under Rule 16.4.I and its predecessor rule. *See, e.g., Newman v. Tex. Parks and Wildlife Dep't*, No. 4:16-V0-2626 (S.D. Tex. June 6, 2018) (holding that the complete confidentiality of mediation proceedings embodied in Local Rule 16.4.I prohibited use of letter submitted in connection with court-ordered mediation in subsequent proceedings); *Service Steel Warehouse Co., L.P. v. Ace American Ins. Co.*, 2011 WL 43415, at *2-3 (S.D. Tex. Jan. 6, 2011) (ruling that mediation discussions are confidential and could not be admitted into evidence in proceedings before the district court).

To proceed on her Motion, Plaintiff will need to present evidence of the statements she recounts in her Motion; *i.e.*, she must prove that the statements were each made and that the physical behavior which is set forth in her Motion also occurred. CPChem would necessarily have a right to refute that evidence as appropriate and also to put the exchange in context. None of that could occur without a violation of the Texas ADR Act and Local Rule 16.4.I.

Simply put, because resolving the merits of Plaintiff's Motion would compel further violations of the Texas ADR Act and could only be resolved with inadmissible evidence, it should be denied.

### C.   A Monetary Sanction Award Is Unnecessary

Imposing a $7,000 sanction against Mr. Duffy is unnecessary. CPChem respectfully suggests that it is in the interests of all Parties to put this unfortunate episode in the rearview mirror, allowing the Parties to focus their attention and resources toward proceeding on adjudicating the case on its merits.

## PRAYER

WHEREFORE, CPChem respectfully requests that this Court deny Plaintiff's Amended Motion for Sanctions. CPChem further requests that this Court award all other and further relief to which CPChem is justly entitled.

Dated: February 20, 2020

                                                  **NORTON ROSE FULBRIGHT US LLP**

/s/ *Shauna Johnson Clark*
Shauna Johnson Clark  *(Attorney-in-Charge)*
Texas Bar No. 00790977
Federal ID No. 18235
shauna.clark@nortonrosefulbright.com

Kimberly F. Cheeseman
Texas Bar No. 24082809
Federal I.D. No. 2254668
kimberly.cheeseman@nortonrosefulbright.com

1301 McKinney Street, Suite 5100
Houston, TX 77010-3095
Telephone: (713) 651-5151
Facsimile: (713) 651-5246

*Attorneys for Defendant Chevron Phillips Chemical Company LP*

## CERTIFICATE OF SERVICE

This pleading was served on the following opposing counsel via the Court's CM/ECF service in compliance with Rule 5 of the Federal Rules of Civil Procedure on February 20, 2020.

Alfonso Kennard, Jr.
Eddie R. Hodges, Jr.
Kennard Law, P.C.
2603 Augusta Dr., 14th Floor
Houston, Texas 77057

                                                          /s/ *Kimberly Cheeseman*
                                                             Kimberly F. Cheeseman