IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALCLAIR WHITE, | § | CIVIL ACTION NO.: 4:19-cv-187 |
|     Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| CHEVRON PHILLIPS | § | JURY DEMAND |
| CHEMICAL COMPANY, LP | § | |
|     Defendant. | § | |
| | § | |
| | § | |

## PLAINTIFF'S REPLY MOTION FOR SANCTIONS

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Plaintiff Alclair White files this reply to her Motion for Sanctions. In support of her Motion for Sanctions, Plaintiff respectfully show the Court as follows:

### I.    INTRODUCTION

This is Plaintiff's Reply to Defendant's Response for Plaintiff's Amended Motion for Sanctions against Defendant and/or its attorney for abuses. Defendant's attorney, Dennis Duffy (hereinafter "Mr. Duffy"), embarked on a campaign of abusive and intolerable conduct that ultimately led to his termination as Defendant's counsel. We respectfully request this court **GRANT** Plaintiff's Amended Motion for Sanctions. Even though, Defendant has terminated Mr. Duffy as counsel; Plaintiff still seeks an *ex parte* order, awarding sanctions to Plaintiff.

### II.    ARGUMENT

A. **It was mandatory to bring Motion for Sanctions to protect Plaintiff from inappropriate behavior in the future**.

Defendant states that Plaintiff has overreached and the timeliness of Plaintiff's amended motion creates skepticism as to Plaintiff's intent. Plaintiff's attorney is adamant that after reviewing the local rules

- 1 -

it was mandatory that Plaintiff file the motion. It is inapposite for Defendant to allege improper motive for filing the motion when Defendant committed acts of inappropriate behavior, which should not be tolerated in the legal profession. Since filing the motion, Plaintiff's attorney has received emails from other local attorneys showing gratitude to Plaintiff's attorney for exposing Mr. Duffy's inappropriate behavior. The motion should be granted regardless of the timeliness of the motion because Plaintiff could not proceed with the upcoming depositions with Defendant being represented by Mr. Duffy.

>  B. **Statements made at the mediation are not inadmissible statements because they were not in connection with the alternative dispute resolution procedure.**

Defendant is incorrect in their argument that "Plaintiff's motion should be denied because it is predicated on inadmissible statements" because Mr. Duffy's inappropriate conduct was not **in connection** with the alternative dispute resolution procedures. Under Chapter 154 of the Texas Civil Practice and Remedies Code (the "Texas ADR Act"), all communications **made in connection** with an alternative dispute resolution procedure are "confidential, not subject to disclosure, and may not be used as evidence against the participant in any judicial or administrative proceeding." *See* Tex. Civ. Prac. & Rem. Code § 154.073(a); Local Rule 16.4.I. There is a difference between communications made in connection with and communications wholly unrelated to alternative dispute proceedings. The inappropriate conduct and statements made by Mr. Duffy were wholly unrelated to the mediation, and did not affect the merits of the case. Since these statements were not made in connection with the mediation's subject matter, they are unrelated and admissible statements. If Defendant's argument was correct then attorneys could say and do anything at mediation without any recourse for their actions. These mediation confidentiality rules focus specifically on communications made in relation to the civil subject matter; when that case is a participant in an alternative dispute resolution procedure. Mr. Duffy's statements were not related to the merits of this case, and his actions have only caused more damage to Plaintiff.

    C. **A monetary sanction is necessary because Defendant's previous attorney inappropriate behavior caused Plaintiff to incur more legal fees than necessary**.

Plaintiff agrees that both parties should put this in the rearview mirror and focus on moving this case forward. However, Plaintiff does not agree that monetary sanctions are unnecessary because Mr. Duffy's abusive tactics have caused Plaintiff to incur no less than $7,000 in attorneys' fees in bringing this motion and trying to coordinate a deposition in this case. Therefore, Plaintiff requests that the Court order Mr. Duffy to pay this amount to Plaintiff in sanctions.

None of Mr. Duffy's conduct was triggered by anything that Plaintiff's counsel did or said. All of Plaintiff counsel's communications with Mr. Duffy were polite and professional. As a result of Mr. Duffy's abusive language, Plaintiff's counsel questions his professionalism and does not want any more instances in the future. Depositions are being scheduled for the week of March 2, 2020 and Plaintiff is in communication with Defendant's counsel to assure depositions are held that week.

### III.    CONCLUSION

In the case at bar, Plaintiff's attorney has raised a claim of unethical conduct. The district court abdicated its duty to examine the charge of unethical behavior and impose the necessary sanctions. Mr. Duffy's conduct has gone well beyond the "unethical" and "improper" standard. It is shocking, blatantly discriminatory, and disrespectful. Because of the repeated and egregious nature of Mr. Duffy's actions we request this Court to exercise its inherent authority to impose monetary sanctions and/or disqualification of counsel. Plaintiff has incurred no less than $7,000 in attorneys' fees in bringing this motion and trying to coordinate a deposition in this case. The conduct by Mr. Duffy is a direct abuse of the judicial process because it undermines attorney's ability to work together. This court should not allow Mr. Duffy's conduct to go unpunished because his conduct goes well beyond the "unethical" and "improper" standard required by the courts. Defendant should be ordered to pay the reasonable and necessary cost in dealing with the unethical conduct by Mr. Duffy.

WHEREFORE PREMISES CONSIDERED, Plaintiff respectfully request that the Court grant this Motion in its entirety.

Respectfully Submitted,



Alfonso Kennard, Jr.
Texas Bar No. 24036888
Southern District Bar No. 713316
2603 Augusta Drive, Suite 1450

_____
Houston Texas 77057
Main: 713.742.0900
Fax: 713.742.0951

alfonso.kennard@kennardlaw.com
Eddie R. Hodges, Jr.
Texas Bar No. 24116523
Southern District Bar No. 3479748
2603 Augusta Drive, Suite 1450
Houston, Texas 77057
Main: 713.742.0900
Fax: 713.742.0951
eddie.hodges@kennardlaw.com
**ATTORNEYS IN CHARGE FOR PLAINTIFF**

- 5

## CERTIFICATE OF SERVICE

I hereby certify that on **February 26, 2020**, a true and correct copy of Plaintiff's Motion for Sanctions was served on Counsel of Record for Defendants via Court's CM/ECF.

**Counsel for Defendant:**

Shauna Johnson Clark (Attorney-in-Charge)
Texas Bar No. 00790977
Federal ID No. 18235
shauna.clark@nortonrosefulbright.com
Kimberly F. Cheeseman
Texas Bar No. 24082809
Federal I.D. No. 2254668
kimberly.cheeseman@nortonrosefulbright.com
1301 McKinney Street, Suite 5100
Houston, TX 77010-3095
Telephone: (713) 651-5151
Facsimile: (713) 651-5246

_____
Alfonso Kennard, Jr.