Case 4:19-cv-00187   Document 42   Filed on 05/04/20 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
May 04, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALCLAIR WHITE, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. H-19-187 |
| | § | |
| CHEVRON PHILLIPS CHEMICAL CO., LP, | § | |
| | § | |
| Defendant. | § | |

**ORDER**

One of the sentences a judge does not imagine—much less welcome—writing includes the words "butt shaking" in describing a lawyer's alleged actions at a mediation. Sadly, those words fit here.

In February 2020, White sought sanctions against Chevron and the lawyer then representing it in this case, Dennis Duffy, for making obscene and threatening comments and gestures at White's lawyer at the mediation months earlier. (Docket Entry No. 26). White asked this court to disqualify Duffy from working on the case, restrain him from communicating with White or her attorneys, and award White money sanctions. (*Id.*).

Chevron disputes White's allegations and argues that, among other things, White's motion is moot because Chevron had Duffy withdraw from the case shortly after the sanctions motion was filed. (Docket Entry No. 30; *see* Docket Entry No. 32 (granting the motion to withdraw on March 3, 2020)). White replied. (Docket Entry No. 31). The court received sealed declarations from Duffy; White's counsel, Alfonso Kennard; and A. Martin Wickliff, the mediator who ran the meeting where the incident took place. (Docket Entry Nos. 35, 38, 39).

After careful review of the motion, the response, the reply, the declarations, and the applicable law, the court denies the request for sanctions. The declarations show significant disagreement about what occurred. While Duffy's behavior was clearly outside professional bounds, neither counsel was a role model of professional conduct.

"Proper objectives of Rule 11 sanctions are to deter, to punish[,] and to compensate opposing parties. The court should use the least severe sanction that is adequate to fulfill this purpose." *In re Dragoo*, 186 F.3d 614, 616 (5th Cir. 1999) (quoting *American Airlines, Inc. v. Allied Pilots Ass'n*, 968 F.2d 523, 533 (5th Cir. 1992)). The principle of restraint also applies when a court exercises its inherent power to sanction. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) ("Because of their very potency, inherent powers must be exercised with restraint and discretion.").

No further or formal sanction is necessary at this point. Duffy has had to withdraw. Before he did so, he received national press coverage when the sanctions motion "went viral." Duffy's professional reputation, and the closely related ability to attract new business, will no doubt suffer, and they should.

White claims that she incurred $10,000 in attorney's fees to bring the sanctions motion and "coordinate a deposition,"[1] but this motion is short and straightforward and neither it nor the added deposition-coordination justify the large amount of money she seeks, even as a penalty. *See Thomas v. Capital Sec. Servs., Inc.*, 836 F.2d 866, 877–78 (5th Cir. 1988) ("While monetary sanctions are appropriate under Rule 11, . . . the basic principle governing the choice of sanctions is that the least severe sanction adequate to serve the purpose should be imposed.").

---

[1] (Docket Entry No. 26 at 3 (initially alleging $7,000 in fees); Docket Entry No. 39 at 4 (alleging an additional $3,000 after filing a five-page reply and a five-page declaration)).

The court's conclusion does not require a detailed inquiry to resolve the many factual disputes about what happened at the mediation or who is primarily or entirely to blame. White's motion, (Docket Entry No. 26), is denied.

SIGNED on May 4, 2020, at Houston, Texas.

                                                  Lee H. Rosenthal
                                        Chief United States District Judge